UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHAD Q. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC, THE BUREAUS INVESTMENT GROUP, LLC, and THE BUREAUS, INC., <br><br> Defendants. | CAUSE NO.: 4:19-CV-38-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 9], Plaintiff's Motion for Entry of Default Judgment [ECF No. 12], Defendants' Motion to Dismiss Pursuant to 12(b)(6) [ECF No. 19], Defendant Bureaus Investment Group, LLC's Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(2) [ECF No. 21], and Plaintiff's Motion to Strike Defendants' Motion to Dismiss Pursuant to 12(b)(6) (ECF 19) [ECF No. 25]. For reasons set out below, the Court will GRANT Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 9], SET ASIDE the Clerk's Entry of Default [ECF No. 6], DENY Plaintiff's Motion for Entry of Default Judgment [ECF No. 12], DENY Plaintiff's Motion to Strike [ECF No. 25], and TAKE UNDER ADVISEMENT Defendants' Motions to Dismiss [ECF Nos. 19, 21].

**BACKGROUND**

On April 3, 2019, Plaintiff filed a Complaint [ECF No. 1], alleging that the three Defendants violated various sections of the Fair Debt Collection Practices Act, 15 U.S.C. §§

1692-1692p. Plaintiff filed a Declaration of Service [ECF No. 4], alleging that each of the Defendants was served via certified mail that was delivered on April 8, 2019. Plaintiff addressed the mailed copies of the summons and complaint to each individual Defendant by name, "c/o Michael Slotky, Defendant's registered agent." ECF No. 4 ¶ 2. Plaintiff attached to the declaration proof of delivery for one piece of certified mail. ECF No. 4-1. The signature on this proof of delivery is not completely legible, but obviously is not signed "Michael Slotky." *Id.*

On June 12, 2019, Plaintiff filed an Application to Clerk for Entry of Default [ECF No. 5], in which Plaintiff represented that Defendants had failed to respond to the complaint and requested a clerk's entry of default. On June 13, 2019, the Clerk of Court entered a default against Defendants [ECF No. 6]. That same day Defendants filed a Statement of Improper Service [ECF No. 8] and Defendant's Motion to Set Aside Clerk's Entry of Default [ECF No. 9], alleging that Defendants had not been properly served and requesting that the Court set aside the Clerk's entry of default. Plaintiff filed a brief in opposition [ECF No. 11], and Defendants filed a reply [ECF No. 13]. While this briefing was in process, on June 21, 2019, Plaintiff filed a Motion for Default Judgment [ECF No. 12]. Defendants filed a response [ECF No. 14] to this motion, and Plaintiff filed a reply [ECF No. 15].

Defendants represent that on June 25, 2019 Plaintiff attempted to serve Defendants again. *See* ECF No. 28 at 3. Defendants do not challenge the efficacy of this second alleged attempted service, *id.*, and on July 16, 2019, filed a motion to dismiss by all Defendants [ECF No. 19] and a separate motion to dismiss by Defendant The Bureaus Investment Group LLC only [ECF No. 21] on alternative grounds.

On July 30, 2019, Plaintiff filed Plaintiff's Motion to Strike Defendants' Motion to Dismiss Pursuant to 12(B)(6)(ECF 19) [ECF No. 25], alleging that Defendants filed their Motion

to Dismiss under Rule 12(b)(6) [ECF No. 19] after the deadline had passed (based on the first attempted service).[1] All of the above motions are ripe for ruling.

## ANALYSIS

### 1. Motions to Vacate Entry of Default and for Default Judgment

Defendants argue in Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 9] that Plaintiff did not properly serve them. "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "This two-step process is clearly outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

Plaintiff received a clerk's entry of default [ECF No. 6], and on Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 9] the Court must consider whether to vacate the entry of default. Thus, the Court need only consider the merits of Plaintiff's Motion for Entry of Default Judgment [ECF No. 12] if it first denies Defendant's Motion [ECF No. 9] as entry of default is a prerequisite for a default judgment. *See* Fed. R. Civ. P. 55(a), (b); *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255 (noting that the entry of default establishes liability and is necessary for a default judgment).

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Further, if the Court lacks personal jurisdiction over Defendants because of improper service, the Court is obliged to grant Defendant's Motion [ECF No. 9]. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016) (noting that a final judgment is void

---

[1] The Court notes that, although both of Defendants' motions to dismiss [ECF Nos. 19, 21] were filed on July 16, 2019, Plaintiff's motion to strike only argues that one motion [ECF No. 19] should be stricken for untimely filing.

and must be set aside if the court lacked personal jurisdiction because the party against whom the judgment was entered was not adequately served).

Under clear Seventh Circuit law, proper service of process is required by courts to confer personal jurisdiction over defendants. *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966) (noting that proper service is a "necessity . . . in order to acquire personal jurisdiction"); *see also* Fed. R. Civ. P. 4. Further, "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991); *see also United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).[2] The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Therefore, when a defendant or defendants have not been properly served, a district court lacks personal jurisdiction over them and is without authority to bind them in a final judgment. *See Trade Well Int'l*, 825 F.3d at 859 (noting that a final judgment is void and must be set aside if the court lacked personal jurisdiction or if the party against whom the judgment was entered was not adequately served); *see also Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) ("[A] judgment is void as to any party who was not adequately served."). And, "even if the entry of default against Defendants was not void on jurisdictional grounds, the Court can still vacate it under general 'good cause' principles applicable to Rule 55(c) motions." *Strabala v. Zhang*, 318 F.R.D. 81, 89 (N.D. Ill. 2016).

---

[2] Further, the Seventh Circuit has articulated a policy of "favoring a trial on the merits over default judgment," which "should only be used in extreme situations, or when other less drastic sanctions have proved unavailing." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)).

a) **Federal Law**

Federal Rule of Civil Procedure 4 sets forth procedures governing service of process for a complaint. *See generally* Fed. R. Civ. P. 4. Rule 4(h) provides that a domestic corporation or other unincorporated association must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* 4(h)(1)(A), (B). Neither Rule 4(h)(1) nor any other section of Rule 4 allows for serving an individual or private organization by certified mail, and so service of the three Defendants under the Federal Rules is deficient. *See Goode v. PennyMac Loan Servs., LLC*, No. 14 C 01900, 2014 WL 6461689, at *9, (N.D. Ill. Nov. 18, 2014) ("Certified mail is thus not listed as an appropriate method of serving corporations in the text of the Federal Rules.").

Rule 4(e) also provides in relevant part that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1). This Court is located in Indiana and service was attempted in Illinois, so Defendants were properly served if Plaintiff effectuated service according to Illinois or Indiana law, in addition to the Federal Rules. Having considered service under the Federal Rules and found it to be deficient, the Court will next consider the laws of Illinois and Indiana in turn to analyze whether Plaintiff properly served Defendants.

b) **Illinois Law**

Defendants Bureaus Investment Group Portfolio No 15 LLC and The Bureaus Investment Group, LLC (Defendant LLCs) are both limited liability companies, and so service on them is

governed by 805 Ill. Comp. Stat. 180/1-50. Under this statute, service may be made either in person on the LLC's registered agent, or on the Illinois Secretary of State under certain circumstances which do not apply here. *See Chi. Reg'l Council of Carpenters v. Joseph J. Sciamanna, Inc.*, No. 08 C 4636, 2009 WL 1543892, at *5 (N.D. Ill. June 3, 2009) ("Under Illinois law, process on a limited liability company must be served upon the company's registered agent or upon the Illinois Secretary of State if the company does not have a registered agent in the state.").

And even when service by certified mail is permitted, the statute requires all of the following:

   (1) Serving on the Secretary of State, or on any employee having responsibility for administering this Act, a copy of the process, notice, or demand, together with any papers required by law to be delivered in connection with service and paying the fee prescribed by Article 50 of this Act.

   (2) Transmitting notice of the service on the Secretary of State and a copy of the process, notice, or demand and accompanying papers to the limited liability company being served, by registered or certified mail:

      (A) at the last registered office of the limited liability company shown by the records on file in the Office of the Secretary of State; and
      (B) at the address the use of which the person instituting the action, suit, or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice.

   (3) Attaching an affidavit of compliance with this Section, in substantially the form that the Secretary of State may by rule or regulation prescribe, to the process, notice, or demand.

805 Ill. Comp. Stat. 180/1–50(c). There is no evidence or argument that Plaintiff complied with these requirements, so service on the Defendant LLCs was deficient under Illinois law.

Similarly, 735 Ill. Comp. Stat. 5/2-204 directs the procedure for service on corporations such as Defendant The Bureaus, Inc. The statute allows for service "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the

State." Again, this statute does not allow for service by certified mail, and so Plaintiff has not effected service of process under Illinois law on Defendant The Bureaus, Inc. either. *See Goode*, 2014 WL 6461689, at *9 ("Under the Federal Rules and Illinois law, certified mail is generally not an adequate means of service for corporations."). Therefore, Plaintiff has not served any of the three Defendants under Illinois law.

### c) Indiana Law

The Indiana Trial Rules do allow for service on organizations in some circumstances by certified mail.

Indiana Trial Rule 4.6, which governs service on organizations, provides:

> (A) Persons to be Served. Service upon an organization may be made as follows:
>
> (1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.
>
> . . .
>
> (B) Manner of Service. Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules for service upon individuals . . . .

Ind. T.R. 4.6(A)(1), (B). And, Indiana Trial Rule 4.1, which governs service on individuals, provides:

> (A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:
>
> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; . . . .

Ind. T.R. 4.1(A)(1).

Therefore, service on an organization may be made under Indiana law by certified mail to "an executive officer [or] an agent appointed or deemed by law to have been appointed to receive service," Ind. T.R. 4.6(A)(1), when the "return receipt [is] requested and returned showing receipt," Ind. T.R. 4.1(A)(1). However, while service can be permissible by certified mail, it "is not effective unless the individual himself or a person authorized to accept service signs for the mail." *Noble Roman's, Inc. v. Rahimian*, No. 108CV00463, 2008 WL 4793681, at *2 (S.D. Ind. Sept. 26, 2008) (citations omitted); *but see Twitty v. Lockett*, No. 2:11-cv-299, 2013 WL 4804726, at *1 (S.D. Ind. Sept. 9, 2013) ("In Indiana, service through certified mail can be adequate service of process under the Indiana Trial Rules even if the person who signs the receipt is not the individual to whom the mailing was addressed, but the person signing the receipt must be authorized to do so in order for service of to be effective.") (citation omitted).

Plaintiff addressed each piece of certified mail, containing a copy of a summons and the complaint, to each Defendant by name, "c/o Michael Slotky, Defendant's registered agent." Decl. of Service ¶ 2. It is undisputed that Taylor Kelly, and not Mr. Slotky, signed for the three pieces of certified mail Plaintiff sent. *See* ECF No. 13 ¶ 2; ECF No. 15 at 2.

There is a critical deficiency with this attempted service. According to Defendants and supported by declarations from Aristotle Sangalang (the President and Chief Compliance Officer of Defendant The Bureaus, Inc.) and Taylor Kelly, Ms. Kelly is not a registered agent or executive officer of any of the three Defendants. ECF No. 13 ¶¶ 13–18; Decl. of Aristotle Sangalang ¶¶ 9–14, ECF No. 13-1; Decl. of Taylor Kelly ¶¶ 3–5, 7, ECF No. 13-2. According to this same evidence, she is also not otherwise authorized to accept service for any of the three Defendants or for Mr. Sangalang or Mr. Slotky in their individual or representative capacities. Decl. of Aristotle Sangalang ¶¶ 10–14; Decl. of Taylor Kelly ¶¶ 3–7. Because Ms. Kelly was not

an executive officer or agent for any of the Defendants and was not otherwise authorized to accept service for any of the three Defendants or either Mr. Sangalang or Mr. Slotky, her receipt via certified mail of copies of the summons and complaint addressed to each Defendant is insufficient to effectuate service on any Defendant and, therefore, to confer to this Court personal jurisdiction over any of the Defendants.

Plaintiff argues that the clerk had "actual or apparent authority" to accept service on Mr. Slotky's behalf. ECF No. 15 at 5–6. But Plaintiff offers no authority or evidence to support the proposition that Ms. Taylor had actual or apparent authority under the circumstances, or that apparent authority is sufficient to effectuate service under Indiana Law. *See Twitty*, 2013 WL 4804726, at *2 ("The plaintiff argues that the persons who signed the [return receipt] were the agents of the defendants for service of process purposes, but there is no documentation showing this to be the case. Thus, the record was insufficient to show service of process . . . ."). Because Plaintiff has offered nothing to rebut Defendants' evidence that service was improper, the Court concludes that, at the time of the Clerk's entry of default, Defendants had not been properly served and so the entry of default must be set aside. Accordingly, Plaintiff's Motion for Default Judgment must be denied. *See In re Catt*, 368 F.3d at 793; *see also VLM Food Trading Int'l, Inc.*, 811 F.3d at 255; *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972) ("[A]lthough a default may serve as the basis for a default judgment, the entry does not of itself determine rights." (internal citations omitted)).

**2. Motion to Strike**

Plaintiff also filed Plaintiff's Motion to Strike Defendants' Motion to Dismiss Pursuant to 12(b)(6) (ECF 19) [ECF No. 25]. In this motion Plaintiff argues that Defendants' Motion to Dismiss Pursuant to 12(b)(6) [ECF No. 19] should be stricken from the record because it was

9

untimely filed. ECF No. 26 at 3. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a responsive pleading must be filed within 21 days after service.

Plaintiff argues that Defendants were served on April 8, 2019, and, based on that date, Defendants were obliged to file a responsive pleading in the form of an answer or motions under Federal Rule 12(b) by April 29, 2019, but did not file their motion to dismiss under Rule 12(b)(6) until July 16, 2019. *Id.* (citing Fed R. Civ. P. 12(a)(1)(A)). But as above, Plaintiff's attempted service on April 8, 2019 was ineffective, and so that date did not mark the start of the 21-day countdown.

Defendants represent in their response to the instant motion that Plaintiff served their Indiana registered agent on June 25, 2019, and that Defendants accept this as proper service. *See* ECF No. 28 ¶ 8. Defendants support this assertion with attached copies of the summons their Indiana registered agent was served with on June 25, 2019. *See* ECF No. 28-1 at 1–3. Although Defendants did not submit documentary evidence in support of the receipt of those summons, Plaintiff does not contest that Defendants received service of process on June 25, 2019. Accordingly, Defendants July 16, 2019 motions to dismiss [ECF Nos. 19, 21] were timely filed based on the June 25, 2019 service of process. Plaintiff's motion to strike must therefore be denied.

The Court further notes that it will issue a separate order addressing Defendant's Motion to Dismiss Pursuant to 12(b)(6) [ECF No. 19] and Defendant Bureaus Investment Group, LLC's Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(2) [ECF No. 21] in due course.

## CONCLUSION

Based on the foregoing, the Court:

1) GRANTS Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 9];

2) SETS ASIDE the Clerk's Entry of Default [ECF No. 6];

3) DENIES Plaintiff's Motion for Entry of Default Judgment [ECF No. 12];

4) TAKES UNDER ADVISEMENT Defendants' Motion to Dismiss Pursuant to 12(b)(6) [ECF No. 19] and Defendant Bureaus Investment Group, LLC's Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(2) [ECF No. 21]; and

5) DENIES Plaintiff's Motion to Strike Defendants' Motion to Dismiss Pursuant to 12(b)(6) (ECF 19) [ECF No. 25].

SO ORDERED on July 20, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT