UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CHAD Q. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-38 |
| | ) | |
| BUREAUS INVESTMENT GROUP | ) | |
| PORTFOLIO NO 15 LLC, THE | ) | |
| BUREAUS INVESTMENT GROUP, LLC, | ) | |
| and THE BUREAUS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Complaint [DE 34] filed by the plaintiff, Chad Q. Brown, on November 24, 2020. For the following reasons, the motion is **DENIED.**

*Background*

On April 3, 2019, the plaintiff filed a complaint [DE 1] against the defendants, Bureaus Investment Group Portfolio No 15 LLC (Portfolio 15), The Bureaus Investment Group, LLC (Bureaus LLC), and The Bureaus, Inc. (TBI), alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692(g). On July 16, 2019, the defendants filed two motions to dismiss, one pursuant to Rule 12(b)(6) and one pursuant to Rule 12(b)(1)-(2). On July 20, 2020, the assigned district judge took both motions to dismiss under advisement. On November 24, 2020, the plaintiff filed the instant motion requesting the court to grant him leave to file his amended complaint [DE 34]. On December 7, 2020, the defendants responded in opposition [DE 35].

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. However, "that does not mean it must always be given." *McGuire v. Kolodzeij*, 2020 WL 6375688, at *1 (N.D. Ind. Oct. 20, 2020) (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 732 (7th Cir. 2009). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, … undue prejudice to the defendants, or where the amendment would be futile." *Divane v. Northwestern*, 953 F.3d 980, 993 (7th Cir. 2020) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

First, the defendants argue that the motion should be denied on the basis of undue delay. "When determining whether undue delay has occurred, courts will consider the similarity of the factual basis for the claims in the original complaint, the moving party's explanation for waiting to raise the new claims, and whether the moving party is attempting to introduce a new theory of the case, and whether granting the motion to amend will require new or duplicated discovery efforts." *J.P. Morgan Chase Bank, N.A., v. Drywall Service & Supply Co., Inc.*, 265 F.R.D. 341, 347 (N.D. Ind. Feb. 3, 2010) (citing *Bethany Pharmocol Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2010)).

There are two pending motions to dismiss in this case, both filed on July 16, 2019. The defendants argue that the plaintiff has waited the better half of two years to request leave to file an amended complaint in order to cure the deficiencies pointed out in their motions to dismiss. The plaintiff claims that he has done the opposite of delaying the proceedings by providing this amendment to try and dispose of the pending motions to dismiss as he is aware "of how busy courts are." The court finds the plaintiff's reasoning for waiting over a year and a half to request

2

leave to amend his complaint unpersuasive. He provides no explanation as to why it took him this long to do so.  Additionally, no new theories, claims, or parties were added in the proposed complaint, only 27 factual allegations seeking to "add more detail" were included. Although the court agrees with the defendants that the plaintiff's delay in filing this request is unjustified, "undue delay alone is insufficient to support denial of leave to amend, but it may militate towards a denial when combined with another factor," such as futility. ***J.P. Morgan Chase Bank***, 241 F.R.D. at 347 (citing ***Dubicz v. Commonwealth Edison Co.***, 377 F.3d 787, 793 (7th Cir. 2004)).

Next, the defendants argue that the plaintiff's new factual allegations fail to cure the deficiencies of the original complaint, therefore granting the amendment would be futile.  Futility is measured by whether an amendment can survive a motion to dismiss or motion for summary judgment. ***Bio Town Ag., Inc. v. Livestock Water Recycling, Inc.***, 2020 WL 6708051, at *1 (N.D. Ind. Nov. 16, 2020). The court in considering whether the amendment is futile considers the legal sufficiency of the defense, not the merits.  Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ***Bethany Pharmacal Company, Inc.,*** 241 F.3d at 861; ***Range v. Brubaker,*** 2009 WL 3257627, at *3 (N.D. Ind. 2009).

The plaintiff's amended complaint adds additional factual allegations to support his single claim that the defendants violated the FDCPA when they failed to provide him with written notice within five (5) days after the initial communication in connection with the collection of a debt. The defendants raise several arguments as to futility concerning the proposed amended complaint. One argument is that the plaintiff fails to allege supporting factual allegations in both the original and amended complaints to meet his burden of showing that the court has jurisdiction over Bureaus LLC.  The defendants claim that the plaintiff has ignored and failed to rebut the fact that Bureaus

3

has no presence or contacts in Indiana, which was established by the Declaration of Michael Slotky. In addition to lacking personal jurisdiction, the defendants also argue that the court has no subject matter jurisdiction over Bureaus LLC because the amended complaint fails to plausibly allege that the purported debt collection activity and violation at issue is traceable to any action or inaction on behalf of Bureaus LLC.  As to personal jurisdiction, the plaintiff claims that he is not required to "rebut" the defendants' declaration of facts at the pleadings stage because the declaration is not part of the pleadings.

"The Due Process Clause authorizes personal judication over out-of-state defendants when the defendant has certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." **Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.**, 783 F.3d 695, 697 (7th Cir. 2015) (citing **Int'l Show Co. v. Washington**, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). The complaint states that the plaintiff is a resident of the state of Indiana. Both the complaint and the proposed amended complaint allege that Bureaus LLC is a limited liability company organized and existing under the laws of the state of Illinois with its principal place of business also there. The only connections that the plaintiff pleads between Bureaus LLC and this case is that "Bureaus LLC exercises complete control of both TBI and Portfolios 15" and therefore "Bureaus LLC attempted to collect debts from [the plaintiff] through Portfolio 15."

While the plaintiff does not argue this specifically, the plaintiff seems to be implying that the court has jurisdiction over Bureaus LLC because of its affiliation with TBI and Portfolio 15. The Seventh Circuit "has consistently rejected personal jurisdiction over a parent company based solely on its subsidiary's contacts." **Evans v. Wright Medical Technology, Inc.**, 2019 WL 5390548, at *5 (N.D. Ind. Oct. 21, 2019) (citing **Central States, Southeast & Southwest Areas**

*Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000); *see also* *Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012) (finding that "the jurisdictional contacts of a subsidiary corporation are not imputed to the parent"). "[W]here corporate formalities are substantially observed and the parent does not dominate the subsidiary, a parent and a subsidiary are two separate entities and the acts of one cannot be attributed to the other." 230 F.3d at 943. Therefore, "stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact." 230 F.3d at 943.

The plaintiff fails to plead facts that allege more than a parent-type relationship between Bureaus LLC and TBI and Portfolio 15. The amended complaint does not contain any specific factual allegations tying Bureaus LLC to the alleged events in this case, therefore the jurisdictional contacts of TBI and Portfolio 15 cannot be imputed to Bureaus LLC. Allowing the plaintiff leave to amend his complaint would be futile on this issue.

As stated above, the defendants raise several different arguments as to why the plaintiff's proposed amended complaint would be futile. However, the issue of futility regarding personal jurisdiction of this court over Bureaus LLC coupled with the presence of undue delay on the part of the plaintiff is sufficient to deny the plaintiff's request to amend his complaint.

Based on the foregoing reasons, the Motion for Leave to File Amended Complaint [DE 34] is **DENIED.**

ENTERED this 1st day of April, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge